

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 23, 1973

The Honorable Homer A. Foerster
Executive Director
State Board of Control
P. O. Box 13047, Capitol Station
Austin, Texas 78711

Opinion No. H- 158

Re: May liability insurance
be procured by the Board
of Control for power driven
lawn mowers and edgers
used for groundskeeping
on the Capitol Complex
grounds under either the
provisions of the Texas
Tort Claims Act, Article
6252-19, V. T. C. S., or

Dear Mr. Foerster:

Article 6252-19a, V. T. C. S.

Your letter requesting our opinion points to the fact that the Board of Control, in carrying out its groundskeeping responsibilities in the area of the Capitol Complex, uses a number of power driven lawn mowers which create a potential hazard to visitors, State officials and State employees. You note that both the Texas Tort Claims Act (Article 6252-19, V. T. C. S. ) and Article 6252-19a, V. T. C. S., authorize the purchase of liability insurance. Clearly the Board of Control is a "unit of government" as that term is defined in § 2(1) of the Tort Claims Act. Section 9 of that Act authorizes all units of government "to purchase policies of insurance providing protection for such units of government, their officers, agents and employees against claims brought under the provisions of this Act . . . "

Article 6252-19a, V. T. C. S., provides, in part:

"Section 1. The State Department or Agencies who own and operate motor vehicles . . . shall have the authority to insure their officers and employees from liability arising out of the use, operation and maintenance of such automobiles, trucks, tractors, power equipment . . . used or which may be used in the operation of such Department or Agency. Such insurance shall be provided

> by the purchase of a policy or policies for that
> purpose from some liability insurance company
> or companies authorized to transact business in
> the State of Texas . . . .
>
> " . . .
>
> "Sec. 4.   Such payments are to be charged against
> the maintenance fund of the department for which
> such employee is employed. "

Each of these statutes is, in our opinion, sufficient "pre-existing law" to satisfy the requirements of Article 3, § 44 of the Constitution.   Austin National Bank v. Sheppard, 71 S. W. 2d 242 (Tex. 1934); Attorney General Opinion V-84 (1947).

The Legislature, in the Appropriations Act for fiscal 1974 and 1975 (House Bill 139, 63rd Leg. , 1973), among its general provisions (§ 54 of Article V) provides:

> "None of the funds appropriated in this Act may
> be expended for the purpose of purchasing policies
> of insurance covering claims arising under the Texas
> Tort Claims Act. "

Claims which arise under the Texas Tort Claims Act are claims against units of government and not against their employees or officers.   There is a distinction between appropriations for claims arising under the Tort Claims Act and those arising under Article 6252-19a and the common law.   Attorney General Opinion M-1215 (1972), despite a similar restriction upon use of appropriated funds, held that the Parks and Wildlife Department might use its funds to purchase insurance provided for by Article 6252-19a, V. T. C. S.

Your precise question to us is:

> "May liability insurance be procured by the Board
> of Control for power driven lawn mowers and edgers
> used for groundskeeping on the Capitol Complex grounds
> under either the provisions of the Texas Tort Claims
> Act, Article 6252-19, Vernon's Civil Statutes or Article
> 6252-19a, Vernon's Civil Statutes? "

We answer your question that insurance may be purchased pursuant to Article 6252-19a, V. T. C. S. , to insure the officers and employees of the Board of Control from liability growing out of the operation of power driven lawn mowers and edgers used in groundskeeping on the Capitol Complex grounds but not to insure the liability of the Board of Control itself.

There can be no doubt but that the Legislature has the right, in its appropriations act to limit the use of funds therein appropriated if such limitations do not conflict with or amount to general legislation.  Conley v. Daughters of the Republic, 156 S. W. 197 (Tex. 1913); Moore v. Sheppard, 192 S. W. 2d 559 (Tex. 1946) and see Attorney General Opinion  M-280.(1968).  We are of the opinion, therefore, that no funds appropriated in the Appropriations Act for 1974 - 1975, may be used to purchase insurance under § 9 of Article 6252-19, V. T. C. S.  We have no knowledge of any other funds available to the Board of Control out of which such insurance might be purchased.

## SUMMARY

The Board of Control may purchase liability insurance covering the liability of its officers and employees arising out of the operation of power driven lawn mowers and edgers used in groundskeeping on the Capitol Complex, but may not use funds appropriated for 1974 and 1975 to purchase insurance insuring its own liability under the Texas Tort Claims Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee